IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. BROADHEAD, AIS #224802, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:11-CV-489-MEF |
| BERTHA DOZIER, et al., | ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by James M. Broadhead ["Broadhead"], an indigent state inmate. In this complaint, Broadhead presents claims with respect to an alleged altercation with various correctional officers during his confinement at the Kilby Correctional Facility sometime in 2011. The instant complaint contains claims regarding the same altercation challenged by the plaintiff in *Broadhead v. Woodard, et al.*, Civil Action 2:11-CV-341-MEF-TFM. In light of the foregoing, the court concludes that summary dismissal of this case as malicious is appropriate in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Broadhead leave to proceed *in forma pauperis* in this case. *Doc. No. 3*. Thus, the court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of an action prior to service if it is determined that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

Malicious suits are abusive of the judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i).  A federal court may therefore dismiss a prisoner's *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical.  *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (*in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and summarily dismissed as either frivolous or malicious under § 1915); *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore,* 980 F.2d 994, 994–995 (5th Cir. 1993); *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir. 1975); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (*in forma pauperis* complaint repeating same factual allegations asserted in earlier case is subject to dismissal as duplicative). "Dismissal of the duplicative lawsuit ... promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

The complaint filed in this case is virtually indistinguishable from the complaint previously filed by the plaintiff in *Broadhead v. Woodard, et al.*, Civil Action 2:11-CV-341-MEF-TFM, a case currently pending before this court.  In light of the foregoing, it is clear that the complaint filed by Broadhead in the present case is malicious and summary dismissal of this complaint is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

*Cato*, 70 F.3d at 1105; *Bailey*, 846 F.2d at 1021.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant case be summarily dismissed as malicious pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  It is further

ORDERED that on or before August 1, 2012 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 18th day of July, 2012.

/s/  Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE